TUCHFELD v. PLATTNER et al.

(Supreme Court, Appellate Term.    May 7, 1909.)

TRIAL (§ 29*)—CONDUCT OF TRIAL—ATTITUDE OF JUDGE.

    A manifestly hostile attitude by the trial judge toward defendants' counsel, both in the conduct of the trial and in the instructions, was necessarily prejudicial to defendants.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 83; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Tuchfeld against Carrie Plattner and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Peter Klein, for appellants.

Lester W. Eisenberg, for respondent.

DAYTON, J. The testimony strongly indicates that plaintiff and Cantor, old friends, were endeavoring to outswear defendants. Price had talked with Cantor about this transaction a year before plaintiff appeared on the scene. After the proposed sale fell through Cantor recovered the $100 from Price in an action. The record in that action was not produced, although the trial judge sent for it.

As to Cantor's "readiness," the story he tells of having $5,150 in bills on his person on the day of closing is in several respects self-contradictory and on the whole improbable. He paid the $100 by his check. He did not exhibit or tender the $5,150, nor explain why he did not have a certified check for the amount. The reason for the failure of the agreement (which was not produced) would seem to have been that Cantor would not accept an assignment of the lease, but in-

sisted upon its cancellation and a new lease. Plaintiff failed to establish a cause of action by a preponderance of credible testimony.

Aside from this, the trial court excluded several questions on cross-examination which were properly asked, and the exceptions to such rulings were well taken. The attitude of the trial judge toward defendants' counsel was manifestly hostile, both in the conduct of the trial and in his charge to the jury. This could not be otherwise than prejudicial to the defendants.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

GILDERSLEEVE, P. J., and GOFF, J., concur in the result.